GEORGE STREET *et al.*, Appellants, *v.* MURRAY McCONNELL, Appellee.

### APPEAL FROM MORGAN.

Under the statutes of 1837, a conveyance of land to county commissioners vested the title in them, which they might re-convey.

By the Revised Statutes of 1833, when an order for partition of real estate among heirs had been made, and the report confirmed by an order declaring that each of the heirs should hold the portion assigned in severalty, such order would operate as a conveyance from the others, without deeds of release or partition.

Even if the order of the court required a deed of partition to be executed, such deed need not, as in the case of a guardian, be approved in order to vest the grantee with title.

THIS cause was heard and decided by WOODSON, Judge, at the October term, 1854, of the Morgan Circuit Court.

D. A. SMITH, for Appellants.

M. McCONNELL, *pro. se.*

TREAT, C. J. This was an action of ejectment, brought by George Street and others against McConnell, to recover the possession of a lot in the town of Jacksonville. It was submitted to the court on the following evidence:

Thomas Arnett, on the 22nd of March, 1825, in consideration of the location of the county seat upon his land, conveyed to the county commissioners of Morgan county, without naming them, and their successors in office, twenty acres of land entered by him, on which the lot in question was laid out and platted. At a commissioners' court, held on the 5th of June, 1827, James Gilham, James Deaton, and Allen Q. Lindsay, as county commissioners of Morgan County, conveyed the lot to Stephen Reed. He died intestate, and the Morgan circuit court, at the September term, 1829, made an order for the partition of his estate among the heirs at law, and appointed commissioners for that purpose. At the September term, 1830, the commissioners reported the partition of most of the estate, and that the rest was not susceptible of division. The lot was set apart to the wife of John H. Barton. The court at the same time approved the report, and ordered " that the heirs of Stephen Reed make and execute a deed of partition to each other for the lands, tenements and hereditaments of which partition hath been made by the said commissioners; and that each of said heirs shall hereafter have and hold the part assigned to him or her in severalty." For reasons stated in the order, Dennis Rockwell was appointed commissioner to execute to the parties

respectively such deed of partition, and also sell and convey the property that could not be divided; and he was required to make return of his proceedings to the court. On the 21st of October, 1830, he executed the deed of partition conveying the lot to Mrs. Barton; and at April term following, he merely reported the sale and conveyance of the property ordered to be sold, and his report was received by the court. On the 8th of December, 1830, Barton and wife conveyed the lot to Myers, the wife in the acknowledgment merely relinquishing her right of dower. Myers conveyed the lot to Martha Street, who died intestate many years before the bringing of this suit, leaving the present plaintiffs her only heirs at law. In January, 1853, Barton and wife executed a quit-claim deed for the lot to the plaintiffs, reciting therein the state of the title from the 8th of December, 1830, and stating that the deed was made to confirm the title under the former deed. The defendant claimed to be the owner of the lot, and exercised acts of ownership over the same before and at the time the suit was commenced. The court found the issue for the defendant, and rendered judgment in his favor.

First. The deed of Arnett was effectual to pass the title to the county of Morgan. The act of the 3rd of January, 1827, provided that all deeds theretofore made, or thereafter to be made, conveying real estate "to the county commissioners" of any county, should vest in such county the title thereby intended to be conveyed; Rev. Laws, 1833, p. 139, Sec. 2; and the deed from the county commissioners to Reed operated to transfer the title to the lot in question. *Bestor* v. *Powell*, 2 Gilm. 119.

Second. The law in force when the partition was made required the commissioners to assign to each party his share by metes and bounds, and make return of their proceedings to the court; and it provided that their report, if approved by the court, should be conclusive on all the parties concerned. Rev. Laws of 1833, p. 239, Sec. 14. Under that statute, it is clear that an order of the court confirming the report of the commissioners, and declaring that each of the heirs should hold the portion assigned to him in severalty, would operate as a conveyance from the other heirs, and dispense with any necessity for deeds of release or partition. *Young* v. *Cooper*, 3 Johnson Law Reports, 295; *Van Orman* v. *Phelps*, 9 Barbour, 500; *Young* v. *Frost*, 1 Maryland, 277. The court, however, required a deed of partition to be executed; and if the execution of such a deed was necessary to pass the title, the conveyance made by Rockwell transferred the legal interest of the other heirs in the lot to Mrs. Barton. It was not essential, as

in the case of a guardian's sale, that the deed should be approved in order to invest the grantee with title.   As the deed was made in pursuance of the order, it vested the title in Mrs. Barton, at all events, until the deed should be disaffirmed or set aside by the court.   In this collateral suit, the proceedings in partition must be held to have vested the full legal estate in Mrs. Barton.

If the first deed from Barton and wife did not transfer the estate of the latter, the second deed clearly had that effect. By virtue of that deed, and the one from Myers to their ancestor, the plaintiffs acquired the complete legal title to the lot.

The judgment is reversed and the cause remanded.

*Judgment reversed.*